United States District Court
Southern District of Texas
**ENTERED**
January 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **FREDDY JOSE CANO REYES,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00007 |
| § | |
| **WARDEN GEO RIO GRANDE** § | |
| **DETENTION CENTER,** *et al.*, § | |
| § | |
| Respondents. § | |

# ORDER

It appears that Roxana Yamileth Quijada Lino initiated this habeas proceeding, on behalf of her boyfriend, Freddy Jose Cano Reyes. (*See* Dkt. 1). As the Court is uncertain that it can maintain subject matter jurisdiction over this matter, Petitioner is ORDERED TO SHOW CAUSE IN WRITING that the requirements for the court to maintain subject matter jurisdiction are met no later than **January 20, 2026**.

## Background

Roxana Yamileth Quijada Lino ("Ms. Lino") filed for a writ of habeas corpus challenging Petitioner Freddy Jose Cano Reyes ("Petitioner" or "Mr. Reyes") continued detention on January 5, 2026. (Dkt. 1.) Petitioner is a 32-year-old citizen of Venezuela. (*See* Dkt. 1, Attach. 1 at 12–13). Petitioner entered the United States in November of 2021, without inspection between ports of entry. (*See* Dkt. 12 at 2.) DHS encountered Petitioner, placed him into removal proceedings, and then released him on his own recognizance pending the outcome of his removal proceedings. (*See* Dkt. 1, Attach. 1 at 1–4.) Petitioner was subsequently re-arrested by ICE and detained in December of 2025. (*See* Dkt. 1 at 6; Dkt. 12 at 2.) He requested a custody redetermination from the immigration judge but was denied because the immigration judge found that it did not have

jurisdiction. (Dkt. 12, Attach. 3.) Petitioner remains in ICE custody and is currently detained at the Rio Grande Processing Center. (Dkt. 1 at 1.) In his Petition, Petitioner requests declaratory and injunctive relief based on claims that Respondents have unlawfully detained him without a bond hearing. (*Id*. at 6–7.)

The Court has identified potential deficiencies that may preclude subject matter jurisdiction over Petitioner's Petition. Specifically, Ms. Lino has not explained why Mr. Cano is not able to file the Petition on his own behalf.

## **Legal Standard**

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition 'establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). Additionally, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514. Thus, failure to establish these requirements strips the district court of subject matter jurisdiction to consider a petition. *Id*.

## **Discussion**

It is unclear to the Court whether Petitioner has met the requirements for his Petition to be filed by a "next of friend." As stated above, a petition filed on behalf of someone else must show: 1) why the detained person did not sign and verify the petition, 2) the relationship of the "next-

friend", and an explanation for why the "next friend" is filing the petition. *See Weber*, 570 F.2d at 514. In explaining the relationship of the "next friend", the "next friend" must show "some significant relationship with the real party in interest" such that it is clear the next friend is dedicated to the best interests of the detained person. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Here, the Petition contains Petitioner's electronically typed name above the signature line for Petitioner, but it is unclear to the Court whether this is Petitioner's signature verifying the petition or simply Petitioner's typed name, so the Court assumes that Ms. Lino is filing the Petition on Mr. Cano's behalf. (*See* Dkt. 1 at 8.) Second, the relationship of the "next-friend" is clear as Ms. Lino states she is Petitioner's girlfriend, and she has submitted documentation that establishes a significant relationship with Petitioner such that it is clear she is dedicated to the best interests of Petitioner. (*See* Dkt. 1, Attach. 1 at 120.) However, Ms. Lino has not included an explanation for why she is filing the petition on Mr. Cano's behalf. Courts may accept a number of explanations for why a "next-friend" is filing on someone's behalf, including the "[i]nability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity." *Weber*, 570 F.2d at 514 n.4 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)); *Whitmore*, 495 U.S. at 163 ("[A] 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability." (citations omitted)).

## Conclusion

Accordingly, Ms. Lino is **ORDERED TO SHOW CAUSE IN WRITING** why this petition should not be dismissed for lack of subject matter jurisdiction **by January 20, 2026**. Specifically, Ms. Lino is directed to adequately explain why Mr. Cano cannot file this habeas

petition on his own due to either a lack of access to resources enabling him to do so or for any other reason.

In the interest of timeliness and efficiency, Ms. Lino is directed to email her response to the Clerk of Court at the following email address: Tanya_Trevino@txs.uscourts.gov, and the Court will docket the response once it is submitted.

The Clerk of Court is **DIRECTED** to serve a copy of this Order on Roxana Yamileth Quijada Lino via email at roxanalino7@gmail and via any receipted means at:

Roxana Yamileth Quijada Lino
3113 Butler Rd
Chapel Hill, NC 27516

The Clerk of Court is also **DIRECTED** to serve a copy of this Order on Freddy Jose Cano Reyes via United States mail:

Freddy Jose Cano Reyes
A-Number: A 220-459-499
Rio Grande Processing Center
1001 San Rio Boulevard
Laredo, Texas 78046

IT IS SO ORDERED.

SIGNED this January 13, 2026.

Diana Saldaña
United States District Judge