United States District Court
Southern District of Texas
**ENTERED**
January 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **FREDDY JOSE CANO REYES,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00007 |
| | § | |
| **WARDEN GEO RIO GRANDE** | § | |
| **DETENTION CENTER,** *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Freddy Jose Cano Reyes's ("Petitioner" or "Mr. Reyes") Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART. Respondents' Motion for Summary Judgment, (Dkt. 12), is DENIED.

Respondents are ORDERED to immediately release Mr. Reyes, or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **January 28, 2026**.

## BACKGROUND

This case is one of a growing number before this Court that challenge a recent change to the Department of Homeland Security's interpretation of the applicable statutory authority for the detention of noncitizens. *See, e.g., Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). On July 8, 2025, ICE adopted its new legal position in a memo entitled "Interim United States District Court Southern District of Texas Guidance Regarding Detention Authority for

Applicants for Admission." DHS, Interim Guidance Regarding Detention Authority for Applicants for Admission (July 8, 2025), https://perma.cc/2V6H-FHVD. The memo states that 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226(a), is the applicable immigration detention authority for all noncitizens who are applicants for admission. *See id*. Subsequently, on September 5, 2025, the Board of Immigration Appeals (BIA) issued a published decision in line with this interim guidance, holding that immigration judges lack authority to hear bond requests or to grant bond to noncitizens who are present in the United States without admission because they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

      Petitioner is a 32-year-old citizen of Venezuela. (*See* Dkt. 1, Attach. 1 at 12–13). Petitioner entered the United States in November of 2021, without inspection between ports of entry. (Dkt. 12 at 2.) DHS encountered Petitioner, placed him into removal proceedings, and then released him on his own recognizance pending the outcome of his removal proceedings. (*See* Dkt. 1, Attach. 1 at 1–4.) Petitioner was subsequently re-arrested by ICE and detained in December of 2025. (*See* Dkt. 1 at 6; Dkt. 12 at 2.) He requested a custody redetermination from the immigration judge (IJ) but was denied because the IJ found that it did not have jurisdiction. (Dkt. 12, Attach. 3.) Petitioner remains in ICE custody and is currently detained at the Rio Grande Processing Center. (Dkt. 1 at 1.) Petitioner filed for a writ of habeas corpus challenging his continued detention on January 5, 2026. (Dkt. 1.) In his Petition, Petitioner requests declaratory and injunctive relief based on claims that Respondents have unlawfully detained him without a bond hearing. (*Id*. at 6–7.) Petitioner's Petition was brought by his next of friend Roxana Yamileth Quijada Lino. (Dkt. 1.) The Court ordered Petitioner's next of friend to submit a supplemental filing to ensure compliance with the procedural requirements for filings of a writ of habeas corpus under 28 U.S.C. § 2241 and to

establish that the Court had jurisdiction over Petitioner's claims, and Petitioner's next of friend filed a timely supplemental filing. (Dkts. 14, 17.)

## Legal Standard

A district court has jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to the lawfulness of immigration-related detention. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

## Discussion

The issue before the Court is principally one of statutory interpretation: whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings, or whether he is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for his release from custody on bond. Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a noncitizen "seeking admission," while Petitioner argues that he has been misclassified by DHS and is instead subject to discretionary detention with the potential to be released on bond because 8 U.S.C. § 1226(a) is the applicable statutory authority for the detention of noncitizens who are already present in the country at the time of apprehension. (*See* Dkt. 1 at 6–7; Dkt. 12 at 3–7.)

On November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) pertaining to this very issue:

> **Bond Eligible** Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. Prior to granting class certification, the Central District of California granted partial summary judgment on the named petitioners' claims, holding that the government's interpretation of the Immigration and Nationality Act (INA) was unlawful in so far as it subjected petitioners to mandatory detention under § 1225(b)(2) rather than § 1226(a). Several days later, the court expressly "extend[ed] the same declaratory relief granted to [individual] Petitioners to the Bond Eligible Class as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9.

On December 18, 2025, the Central District of California clarified its prior order and entered a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, holding that "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Santacruz*, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). A final judgment in a class action is binding on all class members in subsequent decisions under the basic principles of res judicata and collateral estoppel. *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984) ("A judgment in favor of either side is conclusive in a subsequent action between them on any issue actually litigated and determined, if its determination was essential to that judgment").

The Court ordered briefing from Respondents to address whether Petitioner is a member of the certified class. (Dkt. 4.) The Government asserts that Petitioner is not a member of the *Maldonado* class "because [Petitioner] was apprehended upon his arrival to the United States." (Dkt. 12 at 7–8.) Although it appears Petitioner may have been initially apprehended shortly after entering the United States, this most recent arrest and apprehension by ICE occurred within the interior of the United States after he had been residing in the United States for several years, complicating the question of whether he qualifies as a class member of the certified Bond Eligible Class.

Acknowledging this complexity, the Court will decline to resolve the issue of Petitioner's membership in the class based on his initial manner of entry in 2021 given that the Court finds that there are independent legal grounds upon which to grant relief. A statutory analysis of the relevant INA provisions dictates that Petitioner should be detained under § 1226(a) and therefore entitled to a bond hearing.[1]

In their Response, Respondents argue that the Court should dismiss the petition because Petitioner is properly detained under § 1225. (Dkt. 12 at 3–8.) Respondents argue that a plain language reading of the relevant INA provisions, developments in agency interpretation of the INA, and prior legal precedent support a reading of § 1225(b)(2) rather than § 1226(a) as the applicable statutory authority for Petitioner's detention. (*Id*.). Respondents' arguments regarding statutory construction mirror those that this Court addressed previously in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025) and that numerous other courts across this district

---

[1] Even if Petitioner is not a class member, he can still bring his challenge through habeas. *C.f. Del Valle Castillo v. Wamsley*, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (holding that "the fact that Petitioners are not Bond Denial Class members does not prevent them from seeking habeas relief on similar legal grounds" for a similar group of noncitizens detained in Washington State who were most recently apprehended in the interior.)

and across the country have considered. *See Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases).

Because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result as to the relevant detention authority in this case, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has been residing in the United States, the applicable authority for his detention is 8 U.S.C. § 1226(a). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Thus, the Court holds that because it is 8 U.S.C. § 1226(a), not 1225(b)(2) that applies to Petitioner, his detention without a bond hearing is unlawful.

## Conclusion

Accordingly, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 12), is DENIED.

Respondents are ORDERED to immediately release Petitioner, or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **January 28, 2026**. No later than **January 28, 2026, at 5:00 P.M. Central Standard Time (CST)**, the Respondents shall provide the Court with a status update on the outcome of any bond hearing conducted pursuant to this Order, or if no bond hearing is held, advise the Court as to the status of Petitioner's release from custody pursuant to

this Order. Respondents should also notify the Court if the Government seeks a stay of the bond decision under 8 C.F.R. § 1003.19(i).

Finally, the Clerk of Court is DIRECTED to send a copy of this Order to Petitioner's next of friend Roxana Yamileth Quijada Lino via email at roxanalino7@gmail and via any receipted means at:

> Roxana Yamileth Quijada Lino
> 3113 Butler Rd
> Chapel Hill, NC 27516

The Clerk of Court is also DIRECTED to send a copy of this Order on Freddy Jose Cano Reyes via United States mail at:

> Freddy Jose Cano Reyes
> A-Number: A 220-459-499
> Rio Grande Processing Center
> 1001 San Rio Boulevard
> Laredo, Texas 78046

IT IS SO ORDERED.

SIGNED this January 21, 2026.

_____
Diana Saldaña
United States District Judge